# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 10, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| CONCHITA DEL MUNDO, M.D., | * | No. 15-590V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | Stipulation for Damages; Annuity; |
| SECRETARY OF HEALTH | * | Influenza ("flu") Vaccine; Hepatitis A |
| AND HUMAN SERVICES, | * | ("Hep A") Vaccine; Transverse Myelitis |
| | * | ("TM"); Neuromyelitis Optica ("NMO"). |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

William E. Cochran, Jr., Black McLaren, et al., PC, Memphis, TN, for Petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 10, 2015, Conchita Del Mundo ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that as a result of an Influenza ("flu") vaccine administered on November 7, 2012, and a Hepatitis A ("Hep A") vaccine administered on January 9, 2013, she suffered from transverse myelitis ("TM") and neuromyelitis optica ("NMO"). *See* Stip. at ¶¶ 1-4, ECF No. 46. Petitioner further alleged that she experienced residual effects of these injuries for more than six months. *Id.* at ¶ 4.

On October 10, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. Respondent denies that the flu or Hep A

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

vaccines caused Petitioner's alleged TM, NMO, or any other injury. *Id.* at ¶ 6.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

a) **A lump sum of $500,000.00, which amount represents compensation for first year life care expenses ($12,824.55) and combined lost earnings, pain and suffering, and past unreimbursable expenses ($487,175.45) in the form of a check payable to petitioner; and**

b) **An amount sufficient to purchase the annuity contract described in paragraph 10 [of Appendix A], paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

*Id.* at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

      **IT IS SO ORDERED.**

                                      s/Herbrina D. Sanders
                                      Herbrina D. Sanders
                                      Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CONCHITA DEL MUNDO, M.D.,<br><br>                        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                        Respondent. | No. 15-590V<br>Special Master Sanders<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner Conchita Del Mundo, M.D., ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine and a hepatitis A vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu immunization on November 7, 2012, and her hepatitis A immunization on January 9, 2013.

3. The vaccines were administered within the United States.

4. Petitioner alleges that she sustained vaccine-related injuries, including transverse myelitis ("TM") and neuromyelitis optica ("NMO"), as a result of the flu and hepatitis A vaccines she received. She further alleges that she experienced the residual effects of her injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that petitioner's TM, NMO, and its residual effects were caused-in-fact by her flu and/or hepatitis A vaccines. Respondent further denies that the vaccines caused petitioner any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

   a. A lump sum of **$500,000.00,** which amount represents compensation for first year life care expenses ($12,824.55) and combined lost earnings, pain and suffering, and past unreimbursable expenses ($487,175.45) in the form of a check payable to petitioner; and

   b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Conchita Del Mundo, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

    a. For future unreimbursable Orange County Anthem PPO Maximum-out-of-Pocket, Gabapentin, Lorazepam, Mycophenolate, and Oxcarbazepine expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,570.00 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    b. For future unreimbursable Neurology and NMO travel expenses, on the anniversary of the date of judgment in year 2019, a lump sum of $833.20. Then, on the anniversary of the date of judgment in year 2022, a lump sum of $833.20, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    c. For future unreimbursable Aquatic Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,500.00 to be paid up to the anniversary of the date of judgment in year 2022, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    d. For future unreimbursable Transfer Bench, Toilet Safety Rail, Cooling Vest, Hand Held Shower, Long Handled Body Washer, Long Handled Back Scrubber, Rocking T Knife, Hole in One Key Holder, Reacher, Folding Cane, Magnifying Glass, Talking Watch & Clock, and Pill Container expenses, beginning on the first anniversary of the date of judgment, an annual amount of $122.31 to be paid up to the anniversary of the date of judgment in year 2022. Then, on the anniversary of the date of judgment in year 2022, a lump sum of $124.23. Then, on the anniversary of the date of judgment in year 2023, a lump sum of $107.56. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $301.93. Then, beginning on the anniversary of the date of judgment in year 2025, annual amount of $124.91 to be paid up to the anniversary of the judgment in year 2027. Thereafter, beginning on the anniversary of the date of judgment in year 2027, an annual amount of $123.12 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Rolling Walker, Wheelchair Rack for Car, Portable Ramp, Neurology Mileage, Ophthalmologist Mileage, Vascular Interventional Radiologist Mileage, Psychological Counseling Mileage, and Aquatic Therapy Mileage expenses, on the first anniversary of the date of judgment, a lump sum of $1,148.33. Then, beginning on the second anniversary of the date of judgment, annual amount of $236.31 to be paid up to the anniversary of the judgment in year 2022. Thereafter, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $129.89 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Home Modification expenses, on the anniversary of the date of judgment in year 2022, a lump sum of $50,000.00, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Case Management, Ancillary Service (Housekeeping) and Attendant Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,280.00 to be paid up to the anniversary of the date of judgment in year 2022. Then, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $44,144.24 to be paid up to the anniversary of the date of judgment in year 2023. Then, beginning on the anniversary of the date of judgment in year 2023, an annual amount of $70,938.15 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $140,490.00 to be paid up to the anniversary of the date of judgment in year 2027. Thereafter, beginning on the anniversary of the date of judgment in year 2027, an annual amount of $164,580.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h. For future unreimbursable Skilled Nursing expenses, beginning on the first anniversary of the date of judgment, an annual amount of $900.00 to be paid up to the anniversary of the date of judgment in year 2020, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner

will continue to receive the annuity payments from the Life Insurance Company only so long as she, Dr. Conchita Del Mundo, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Dr. Conchita Del Mundo's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on November 7, 2012 and hepatitis A vaccination administered on January 9, 2013, as alleged by petitioner in her petition for vaccine compensation filed on June 10, 2015, in the United States Court of Federal Claims as petition No. 15-590V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu and/or hepatitis A vaccinations caused petitioner to suffer TM, NMO, or any other injury.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

_____
CONCHITA DEL MUNDO, M.D.

ATTORNEY OF RECORD FOR
PETITIONER:

_____
WILLIAM E. COCHRAN, JR
BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C.
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3677

Dated: Oct 10, 2017